COMMONWEALTH *vs.* RICHARD S. SCHERBEN. No. 89-P-1048. March 8, 1990. *Constitutional Law*, Admissions and confessions, Waiver of constitutional rights. *Waiver. Practice, Criminal*, Voluntariness.

A pedestrian received fatal injuries when she was struck by a car on Wahconah Street in Pittsfield. There were no eye-witnesses to the accident. Several individuals told the police, however, that they saw a man standing over the victim, apparently checking her pulse, and they described a car in which the man drove off in a northerly direction. A few hours later, at about 11:45 P.M., a Pittsfield police officer observed a car matching the description parked in the driveway of a house just off Wahconah Street, north of the accident scene. No lights were on inside the house. The police officers, two in uniform and one in plain clothes, knocked on the back door for about five minutes until the defendant appeared and admitted them. The defendant responded affirmatively when asked if the car was his. He was then given the Miranda warnings. He understood them, even indicating to the police officers that he was familiar with the Miranda rights, and agreed to waive them. He was then questioned in his kitchen for ten to twelve minutes. He understood the questions. He denied running into the victim. However, he gave contradictory answers, and he admitted driving the car at the accident scene and stopping to check the victim's pulse. Throughout the questioning, the defendant was either drunk or under the influence of alcohol, he was upset and nervous, and, according to one officer's testimony, shaking.

On those facts a Superior Court judge was asked to rule on a motion to suppress filed by the defendant in the criminal case against him arising out of the fatal accident. The judge concluded that the Commonwealth had failed to sustain its heavy burden of proving beyond a reasonable doubt that the Miranda waiver was knowingly and intelligently made or that the statements, in the totality of relevant circumstances, were voluntary. He, therefore, allowed the defendant's motion to suppress the statements to the police. The Commonwealth was granted leave to take this interlocutory appeal in which it contends that the evidence compelled findings in its favor and denial of the motion to suppress. We affirm.

The Commonwealth points to an inconsistency between the judge's finding, on the one hand, that the Miranda waiver was not knowingly and intelligently made, and, on the other, that the defendant had no difficulty understanding the Miranda rights or the questions posed, or in formulating his responses. We need not decide the effect of any such inconsistency, however, because suppression of the statements was based not only on the absence of a valid Miranda waiver, but also on the judge's separate finding that, in the totality of circumstances, the statements were not voluntary. See *Commonwealth* v. *Tavares*, 385 Mass. 140, 145, cert. denied, 457 U.S. 1137 (1982). We do not agree with the Commonwealth that a finding that the statements were voluntary was compelled. If the defendant was not drunk, he was at least under the influence of alcohol. Although intoxi-

cation, by itself, may not be sufficient to negate voluntariness, it is a factor properly considered in assessing voluntariness. Indeed, it is a factor calling for "special care." *Commonwealth* v. *Shipps*, 399 Mass. 820, 826 (1987). See *Commonwealth* v. *Doucette*, 391 Mass. 443, 448 (1984). Factors in addition to the defendant's intoxication, which the judge properly considered in assessing whether the Commonwealth satisfied its heavy burden of proving beyond a reasonable doubt that the statements were made voluntarily, see *Commonwealth* v. *Doucette*, 391 Mass. at 449, were the defendant's emotional condition (he was nervous and upset), the number of police officers present (three), and the late hour (close to midnight).

Absent clear error, we accept the judge's subsidiary findings and give substantial deference to his ultimate conclusion on the issue of voluntariness. See *Commonwealth* v. *White*, 374 Mass. 132, 137-138 (1977), aff'd by an equally divided court, 439 U.S. 280 (1978); *Commonwealth* v. *Silva*, 388 Mass. 495, 501-502 (1983). The judge indicated in his careful and comprehensive memorandum of decision on the motion that he was aware of the applicable legal principles. We find reasonable support in the evidence to justify the finding on the ultimate fact of voluntariness, and we decline to second-guess the judge on that finding.

The police officers were alert in conducting their investigation, and they made efforts to protect the defendant's rights. Given what they observed about the defendant on the night in question, however, it would have been better for them to cease all questioning until the defendant was clearly capable of choosing whether to respond. Compare *Commonwealth* v. *Hosey*, 368 Mass. 571, 577 (1975).

*Order allowing motion to suppress statements affirmed.*

*Robert J. Carnes*, Assistant District Attorney, for the Commonwealth.

*Carlo Obligato*, Committee for Public Counsel Services, for the defendant.